IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCGIP LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>DOES 1-55,<br><br>        Defendant.<br>_____/ | No. C -11-03312 EDL<br><br>**ORDER GRANTING IN PART PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |

On July 6, 2011, Plaintiff filed this copyright infringement suit against fifty-five separate Doe Defendants. On August 7, 2011, Plaintiff filed an Ex Parte Application for Leave to Take Expedited Discovery. Plaintiff seeks an order permitting it to serve subpoenas under Federal Rule of Civil Procedure 45 to compel Internet Service Providers (ISP) to produce personal identifying information for each Internet Protocol (IP) address linked to each individual Doe Defendant described in Exhibit A to the complaint.

In a recent set of cases, the Court granted requests for early expedited discovery similar to that requested here upon a further showing regarding joinder. See Hard Drive Prods. v. Does 1-42, C-11-1956 EDL (N.D. Cal. Aug. 3, 2011) (Order Granting Plaintiff Leave to Take Early Discovery); Hard Drive Prods. v. Does 1-53, C-11-2330 EDL (N.D. Cal. Aug. 3, 2011) (Order Granting Plaintiff Leave to Take Early Discovery). Upon further consideration of the issues, the Court is now persuaded by the trend of the law in this District to revisit the issue. Accordingly, for the reasons stated below, Plaintiff's Ex Parte Application is granted in part.

**Background**

In this case, Plaintiff alleges that the Doe Defendants illegally reproduced and distributed Plaintiff's copyrighted video, "Blacks on Blondes: Mariah Madysinn" ("The Work"), thereby

violating the Copyright Act, 17 U.S.C. §§ 101, et seq. Compl. ¶¶ 5, 23. Plaintiff alleges that it used geolocation technology to trace the IP addresses of each Doe Defendant to a point of origin within California, and that therefore all Doe Defendants either reside in or committed copyright infringement in California. Compl. ¶ 3.

According to Plaintiff, all Doe Defendants participated in a "peer-to-peer" network in which Defendants exchanged the Work over a period of seventy-nine days using an internet file sharing method known as BitTorrent through which Defendants engaged in a civil conspiracy to commit copyright infringement. Compl. ¶ 5. BitTorrent is a decentralized, modern file sharing method used for distributing data on the internet. Compl. ¶¶ 9, 11. The BitTorrent protocol allows individual users to distribute data among themselves by exchanging pieces of the file with each other to eventually obtain a whole copy of the file. Compl. ¶ 11. The nature of the BitTorrent protocol has been comprehensively set forth in other decisions in this District, and is incorporated herein by reference. See, e.g., Diabolic Video Prods. v. Does 1-2099, 2011 WL 3100404, *2-3 (N.D. Cal. May 31, 2011).

**Discussion**

Generally, a party may not initiate discovery before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). However, a court may authorize earlier discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d).

> [W]here the identity of alleged defendants will not be known prior to the filing of a complaint[,] ... the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.

Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). Thus, the first Gillespie factor is whether the requested discovery would fail to uncover the identities sought. The second factor is whether the claim against the defendant would be dismissed.

Even if the first Gillespie factor is met in this case, the Court is not satisfied that Plaintiff has met the second Gillespie factor, that is, whether the complaint would be dismissed on other grounds. A recent line of cases in the Northern District of California have grappled with the question of whether complaints for copyright infringement such as this one involving BitTorrent would, and should, be dismissed against all but the first Doe Defendant based on misjoinder. See Fed. R. Civ.

2

1  Proc. 20(a) (permitting a plaintiff to join multiple defendants into one action if "(A) any right to
2  relief is asserted against them . . . arising out of the same transaction, occurrence or series of
3  occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").
4  The Court is persuaded by the reasoning in the line of cases beginning with Diabolic Video in which
5  courts have found that the use of BitTorrent technology does not satisfy the requirements for
6  permissive joinder under Federal Rule of Civil Procedure 20(a).  See Hard Drive Prods. v. Does 1-
7  188, --- F.Supp.2d ---, 2011 WL 3740473 (N.D. Cal. Aug. 23, 2011) (Order Granting Doe
8  24.5.180.56's Motion to Quash); Boy Racer v. Does 2-52, C-11-2834 LHK (PSG) (N.D. Cal. Aug.
9  5, 2011) (Order Granting in Part Plaintiff Boy Racer's Ex Parte Application for Leave to Take
10 Limited Discovery Prior to Rule 26(f) Conference); Pacific Century International v. Does 1-101,
11 2011 WL 2690142 (N.D. Cal. July 8, 2011) (Order Granting Plaintiff's Ex Parte Application for
12 Leave to Take Expedited Discovery in Part; Severing Doe Defendants From Case and Ordering
13 Dismissal of Their Claims); Diabolic Video, 2011 WL 3100404 (N.D. Cal. May 31, 2011)
14 (Amended Order Granting in Part Motion for Leave to Take Limited Discovery Prior to Rule 26(f)
15 Conference).

16         The declaration provided by Mr. Hansmeier in this case does not persuade the Court
17 otherwise that the architecture of the BitTorrent technology justifies the joinder of otherwise
18 unrelated defendants in a single action.  Most significantly, even though Mr. Hansmeier has further
19 clarified in his declaration that he observed Defendants in the same swarm, exchanging the same
20 unique file hash among themselves, there is no evidence to suggest that each of the addresses acted
21 in concert with all of the others.  See Hansmeier Decl. ¶ 25 ("For further clarification, this case is the
22 result of a sampling of individual peers who actively participated in the same swarm, and
23 downloaded/uploaded the same exact file."); ¶ 28 ("Through my tracking, I personally observed that
24 all of the Doe Defendants in this case uploaded and downloaded this unique hash, thus 'sharing'
25 amongst each other the exact same file containing Plaintiff's copyrighted work.").  In fact, as stated
26 in Boy Racer, the over eleven-week span covering the activity alleged in this case calls into question
27 whether there was ever common activity linking the fifty-five addresses in this case.  See Boy Racer
28 v. Does 2-52, C-11-2834 LHK (PSG) (N.D. Cal. Aug. 5, 2011) ("In this age of instant digital

gratification, it is difficult to imagine, let alone believe, that an alleged infringer of the copyrighted work would patiently wait six weeks to collect the bits of the work necessary to watch the work as a whole."). As a result, the Court finds unpersuasive the allegation that the Doe Defendants acted in concert. Therefore, the Court concludes that joinder of the Doe Defendants in this action does not satisfy Rule 20(a).

Moreover, even if joinder of the Doe Defendants in this action met the requirements of Rule 20(a), it is appropriate for the reasons stated in Hard Drive Prods. to exercise the Court's discretion to sever and dismiss all but one Doe Defendant to avoid causing prejudice and unfairness to Defendants, and in the interest of justice.[1] See Wynn v. National Broadcasting Co., Inc., 234 F.Supp.2d 1067, 1088 (C.D. Cal. 2002). In particular, the Court adopts the reasoning from Hard Drive Prods.:

> First, permitting joinder in this case would undermine Rule 20(a)'s purpose of promoting judicial economy and trial convenience because it would result in a logistically unmanageable case. *See Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 232-33 (M.D. Tenn) (holding permissive joinder of 770 putative defendants would not promote judicial economy because the court's courtroom could not accommodate all of the defendants and their attorneys, and therefore could not hold case management conferences and could not try all of plaintiff's claims together). Second, permitting joinder would force the Court to address the unique defenses that are likely to be advanced by each individual Defendant, creating scores of mini-trials involving different evidence and testimony. In this respect, the Court also notes that in Exhibit A to the Complaint there are listed at least thirteen different internet service providers associated with Doe Defendants, which could also give rise to different ISP-specific defenses, evidence, and testimony. *See* Complaint, Ex. A.
>
> Finally, the Court finds that permissive joinder of the Doe Defendants does not comport with the "notions of fundamental fairness," and that it will likely cause prejudice to the putative defendants. *See Coleman*, 232 F.3d at 1296. The joinder would result in numerous hurdles that would prejudice the defendants. For example, even though they may be separated by many miles and have nothing in common other than the use of BitTorrent, each defendant must serve each other with all pleadings – a significant burden when, as here, many of the defendants will be appearing *pro se* and may not be e-filers. Each defendant would have the right to be at each other defendant's deposition – creating a thoroughly unmanageable situation. The courtroom proceedings would be unworkable – with each of the 188 Does having the opportunity to be present and address the court at each case management conference

---

[1] Plaintiff has consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c), and the Doe Defendants have not yet been served. Therefore, the Court has jurisdiction to dismiss the severed Defendants because the Doe Defendants are not yet parties under the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N. D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

4

or other event. Finally, each defendant's defense would, in effect, require a mini-trial. These burdens completely defeat any supposed benefit from the joinder of all Does in this case, and would substantially prejudice defendants and the administration of justice.

Hard Drive Prods. v. Does 1-188, --- F.Supp.2d ---, 2011 WL 3740473 (N.D. Cal. Aug. 23, 2011) at *14 (Order Granting Doe 24.5.180.56's Motion to Quash).

In addition, the Court notes that here, as in Hard Drive Prods., Plaintiff's allegation that all Doe Defendants meet the Rule 20(a) joinder requirements is speculative and conclusory. For example, while Plaintiff asserts that Doe Defendants conspired with each other to download the work, Plaintiff also asserts that "each defendant is a *possible* source of Plaintiff's file, and *may* be responsible for distributing the file to the other defendants." App. at 19 (emphasis added). Moreover, Plaintiff's counsel has informed another judge in a similar case pending in this district that the identifying information of the subscriber, which is what Plaintiff seeks through this ex parte application, "does not tell Plaintiff who illegally downloaded Plaintiff's works, or therefore, who Plaintiff will name as the Defendant in this case," and that Plaintiff will "require further discovery in this case . . . . to inspect Subscriber's computer, and all those computers that Subscriber has reasonable control over/access to . . . ." Boy Racer, Inc. v. Doe, 11-2329 PSG (N.D. Cal. Aug. 30, 2011) (Plaintiff's Case Management Conference Statement) at 2. Plaintiff also concedes that the Doe Defendants "may not have been physically present in the swarm on the exact same day and time." App. at 19. As concluded by the court in Hard Drive Prods.: "In light of Plaintiff's uncertainty about the role of each particular Doe Defendant and the relationship between the Doe Defendants, the Court finds it appropriate to exercise its discretion to sever all of the Doe Defendants but one in the interest of fairness." Id. at 20. Further, the Court's discretionary severance does not preclude Plaintiff from filing individual copyright infringement actions against each Doe Defendant.

**Conclusion**

Accordingly, for the reasons stated above, that Plaintiff may to serve immediate discovery on Doe 1's ISP listed in Exhibit A to the Complaint by serving a Rule 45 subpoena that seeks information sufficient to identify Doe 1, including the name, addresses, telephone numbers, and email addresses of Doe 1. Plaintiff's counsel shall issue its subpoena and shall include a copy of this

5

order.

Further, the ISP will have 30 days from the date of service upon it to serve Doe 1 with a copy of the subpoena and a copy of this order. The ISP may serve Doe 1 using any reasonable means, including written notice sent to Doe 1's last known address, transmitted either by first-class mail or via overnight service. The ISP and Doe 1 each shall have 30 days from the date of service to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without Doe 1 or the ISP contesting the subpoena, the ISP shall have 10 days to produce to Plaintiff the information responsive to the subpoena with respect to Doe 1.

In addition, the ISP shall not assess any charge to Plaintiff in advance of providing the information requested in the subpoena, and that the ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP. The ISP shall preserve all subpoenaed information pending the ISP delivering such information to Plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information. Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101 et seq.

Does 2-55 are dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: September 15, 2011

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge